**From:** William Denebeim [mailto:wdenebeim@shareholderrep.com]
**Sent:** Wednesday, September 26, 2012 1:00 PM
**To:** Storm, John
**Cc:** Christopher Letang; Haines, Gerry; Speicher, Chip; Colonero, Christopher; K Carnino; Thomas O'Hara; Louis Citron
**Subject:** Re: Mercury Claim Certificate - Next Steps

John

I have polled the shareholder's committee and here are out thoughts:

1. Insurance. We propose to share 50% of the future insurance recoveries with Mercury. This gives Mercury an incentive to get the recovery, if you deem it feasible. We understand we would need a letter agreement to this effect However, this would benefit Mercury in that we we would agree to pay the full amount of the DOJ settlement portion of the claim now, rather than require deferral of the claim until after insurance recoveries can be quantified.

2. O Hara Severence. We propose to include 50% of the O Hara severence amount in the calculation of the Federal Tax liability (and in future state tax calculations). The management team and advisors involved with the transaction remain firm in asserting their position on this. However, this proposal allows us both to avoid proceeding with a more protracted process.

1

I know we want to proceed with reaching agreement today. Please call me or Chris Letang to discuss. I can be reached at 415 432 7116 and Chris' number is 303-957-2855.

**Thanks and Regards,**

   - Bill

---

William Denebeim, CFA
Director

Shareholder Representative Services LLC
SAN FRANCISCO • BOSTON • DENVER • ISRAEL

601 Montgomery Street, Suite 333
San Francisco, CA 94111

office: (415) 432-7116
cell: (415) 298-3366


On Sep 25, 2012, at 12:17 PM, Storm, John wrote:

Bill,

In regard to your comments below:

1. Section 9.10 of the Merger Agreement provides that a party is not entitled to recover from escrow "to the extent that such party or any of its Affiliates has **already recovered** [emphasis added] such amount (calculated net of the costs incurred to collect such amount) from an insurance company." The language of the Merger Agreement refers to an actual recovery (past tense). To date we have not recovered under any insurance policy for the DOJ matter. Pursuant to a reservation of rights letter dated November 14, 2011 from Wiley Rein, counsel to XL Specialty (the carrier), the carrier reserved its rights for any such claims under the policy. On September 19, 2012, the carrier through Wiley Rein rejected the insurance claim as an uncovered penalty not covered by the policy.

   Further Section 9.10 of the Merger Agreement provides that nothing in the Merger Agreement requires any party to pursue claims against any insurer.

2. Regarding Tom O'Hara, his termination expense is directly related to the acquisition. O'Hara's departure was a part of the transaction as negotiated by Mercury and he was severed on the day prior to the transaction in anticipation of the transaction closing. Is it SRS's position that KOR was going to terminate Tom O'Hara even if the acquisition by Mercury did not close?

2

**From:** William Denebeim [mailto:wdenebeim@shareholderrep.com]
**Sent:** Tuesday, September 25, 2012 10:18 AM
**To:** Colonero, Christopher
**Cc:** Christopher Letang
**Subject:** Please Call

Chris -

Thanks for your voice mail yesterday.

Please call me. We may have two issues with the claim certificate.

The first issue is that the Merger Agreement at Section 9.10 requires that claims should be net of insurance recoveries. We understand the company may be able to receive a recovery from Willis Insurance for the DOJ settlement. Our understanding is that Willis had been notified of the possible claim prior to the acquisition. Accordingly, we believe this portion of the claim may need to be deferred until after the insurance recovery is known and/or received, and may need to be recalculated on a net basis.

The second issue concerns the $621.5k Federal Tax Liability amount. The agreement adjustments include $403.1 k in Tom O'Hara Severance amount. However, in discussing this with the management team and the investment banker who negotiated the deal we understand that Tom O'Hara's separation was not due to the acquisition. Accordingly, this portion of the claim may need to be adjusted to $484,211 which was calculated as follows: $621,255 - (34% x $403,070).

**I am in a meeting from 9 am - 10 am but otherwise should be available to you. 415 432 7116**

**Thanks and regards,**

    - Bill

---

William Denebeim, CFA
Director

Shareholder Representative Services LLC
SAN FRANCISCO • BOSTON • DENVER • ISRAEL

601 Montgomery Street, Suite 333
San Francisco, CA 94111

office: (415) 432-7116
cell: (415) 298-3366