UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11962-RGS

MERCURY SYSTEMS, INC.

v.

SHAREHOLDER REPRESENTATIVE SERVICES LLC, et al.

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR CERTIFICATION OF DEFENDANT CLASS

February 14, 2014

STEARNS, D.J.

In this motion, plaintiff Mercury Systems, Inc. (Mercury), attempts a seldom seen litigating gambit, the certification of a defendant class for purposes of resolving a dispute over the indemnification of some $2,000,000 in tax liabilities accruing from an alleged breach of a merger agreement. Defendant classes are a "rare breed," although by its terms Fed. R. Civ. P. 23 "generally treats plaintiff and defendant classes the same." *Tilley v. TJX Companies, Inc.*, 345 F.3d 34, 37 (1st Cir. 2003). To obtain class certification in either case, a plaintiff must establish the four elements of Rule 23(a) and one of several elements of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-614 (1997). The Rule 23(a) elements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Rule 23(b)(3)

requires, in pertinent part: "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, *and* that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." (Emphasis added); *see also Amchem,* at 615.

For present purposes, the court will assume that Mercury can show to a sufficient degree the presence of each of the Rule 23 elements, as well as the first prong of Rule 23(b)(3) (common questions of law or fact).[1]  Where the motion fails is on the second prong.  There is nothing of a superior nature to be gained by converting this fairly commonplace litigation into a class action. Let me briefly explain why.  Under the Merger Agreement (MA) between Mercury and KOR Electronics in December of 2011, defendant Shareholder Representative Services LLC (SRS) was designated as the agent, proxy, and attorney-in-fact, with full plenary power to act on behalf of the KOR securityholders (who are the proposed class defendants) on all matters arising out of the MA, including the power to "make all decisions, bring, prosecute, defend, settle, compromise or otherwise resolve all claims, disputes and

---

[1] Rule 23(b)(1) does not apply as given the power of SRS to bind all of the relevant security holders there is no risk of inconsistent or varying adjudications establishing conflicting standards of conduct or results that would be dispositive of the interests of absent members of the proposed class.

Actions, and to take all other actions" on behalf of the securityholders, and that Mercury "may rely on any and all actions taken by and decisions of [SRS] under this Agreement notwithstanding any dispute or disagreement among any of the Securityholders."   MA § 12.04(a)(ii)& (c).   Moreover, the MA established an indemnity escrow account which, by Mercury's own admission, is funded to the full extent of any indemnification amount it may be owed, plus its reasonable fees and expenses, and so long as sufficient funds remain in that account, the fund provides the sole recourse available to Mercury in this matter.  *Id*. § 9.05(a)-(b).

In weighing the superiority of a class action as a mechanism of resolving this dispute, it takes no stroke of legal acumen to recognize that all the certification of a class of defendant securityholders will accomplish is an escalation of the procedural complexity of this litigation and its cost, while eviscerating the salutary purpose of having appointed a shareholder representative in the first place. *See Ballenger v. Applied Digital Solutions, Inc.*, 2002 WL 749162, at *10 (Del. Ch. April 24, 2002) (noting the common practice of appointing a shareholder representative as a helpful mechanism for resolving post-closing disputes  efficiently and quickly).

ORDER

For the foregoing reasons, Mercury's motion to certify a defendant class is <u>DENIED</u>.  The motion of SRS to dismiss the Putative Class Defendants is <u>ALLOWED</u>.  The request by SRS for fees and costs is <u>DENIED</u>.  The parties will submit a joint proposed scheduling order regulating discovery for the court's consideration on or before February 28, 2014.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE